IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

Plaintiff,

v.

PANOS ANASTASIOU,

Defendant.

Case No. 3:24-cr-00099-SLG-KFR

**REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS**

Before the Court is a Motion to Dismiss the Indictment Pursuant to the First Amendment ("Motion") filed by Defendant Panos Anastasiou.[1] The government opposes the Motion.[2] Oral argument was not requested and was not necessary for the Court's recommendation. Because whether Defendant's messages constituted true threats is not resolvable as a matter of law, the Court recommends that the Motion be **DENIED**.

I.     **BACKGROUND**

On September 17, 2024, a grand jury returned an indictment charging Defendant with nine counts of Threats Against a Federal Judge, in violation of 18 U.S.C. § 115(a)(1)(B), and thirteen counts of Threats in Interstate Commerce, in violation of 18 U.S.C. § 875(c).[3] According to the Indictment, between March 10, 2023, and July 16, 2024, Defendant transmitted 465 messages through a publicly accessible website maintained by the U.S. Supreme Court.[4] This website allowed members of the public to submit messages to the Supreme Court through an online portal.[5]

The Indictment alleges that, beginning on or about January 4, 2024, Defendant sent numerous messages intended to threaten harm and to convey threats of harm toward six Supreme Court justices

---

[1] Docket 48.
[2] Docket 49.
[3] Docket 2.
[4] *Id.* at 1–2, ¶¶ 1–2.
[5] *Id.* at 1–2, ¶ 1.

and family members of two of those justices.⁶ Specifically, the Indictment alleges that Defendant sent nine messages in which he threatened to "assault, kidnap, and murder" certain of the justices, and that he sent thirteen messages in which he threatened to murder certain of the justices or their family members.⁷ The Indictment further alleges that some of those threats were intended to intimidate certain of the justices and to retaliate against them for actions taken in their official capacity as federal judges.⁸

On March 24, 2025, Defendant filed the Motion, asserting that all counts contained in the initial Indictment⁹ should be dismissed because the messages he sent through the online portal are not "true threats" and are thus protected speech under the First Amendment.¹⁰ The government disagrees, contending that Defendant raises factual arguments that are improper in a pretrial motion to dismiss, and that the allegations in the Indictment are facially sufficient to support the charges against Defendant.¹¹

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b) allows a defendant to bring a pretrial motion to raise "any defense, objection, or request . . . that the court can determine without a trial on the merits."¹² "A motion to dismiss is generally capable of determination before trial if it involves questions of law rather than fact."¹³ Pursuant to Rule 12(b), a defendant may move to dismiss a "defective" indictment for "failure to state an offense."¹⁴ The Court construes Defendant's Motion as raising this ground for

---

⁶ *Id.* at 2, ¶¶ 3–5.
⁷ *Id.* at 2–11, ¶¶ 6–71.
⁸ *Id.* at 2, ¶ 5.
⁹ After Defendant filed the Motion, a grand jury returned a superseding indictment that charges him with the same 22 counts alleged in the initial Indictment, plus (1) one new count of Threats Against a Federal Judge based on threats Defendant allegedly made on August 29, 2024; (2) one new count of Threats in Interstate Commerce based on threats Defendant allegedly made on August 29, 2024; and one new count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8). Docket 55 at 11–12, ¶¶ 72–79. The Court does not address these new charges in this Report and Recommendation.
¹⁰ Docket 48 at 6.
¹¹ Docket 49 at 3–6.
¹² Fed. R. Crim. P. 12(b)(1).
¹³ *United States v. Kelly*, 874 F.3d 1037, 1046 (9th Cir. 2017) (internal quotation marks omitted) (quoting *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993)).
¹⁴ Fed. R. Crim. P. 12(b)(3)(B)(v).

R&R re Motion to Dismiss
*United States v. Anastasiou*
Case 3:24-cr-00099-SLG-KFR   Document 58   Filed 04/29/25   Page 2 of 7

2

dismissal.[15]

"In ruling on a pretrial motion to dismiss an indictment for failure to state an offense, [courts] are bound by the four corners of the indictment."[16] A court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged."[17] Accordingly, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence."[18]

### III. DISCUSSION

18 U.S.C. § 115(a)(1)(B) prohibits a person from "threaten[ing] to assault, kidnap, or murder" a federal judge with the intent to "impede, intimidate, or interfere with such . . . judge . . . while engaged in the performance of official duties," or with the intent to "retaliate against such . . . judge . . . on account of the performance of official duties[.]" 18 U.S.C. § 875(c) prohibits a person from "transmit[ting] in interstate . . . commerce any communication containing any threat to kidnap any person or any threat to injure the person of another[.]"

Because 18 U.S.C. §§ 115(a)(1)(B) and 875(c) punish speech, those statutes "must be interpreted with the commands of the First Amendment clearly in mind."[19] However, the First Amendment does not protect "true threats."[20] True threats have both an objective and subjective element.[21] To meet the subjective prong, the court asks whether the speaker "mean[t] to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual."[22] To meet the objective prong, the court asks "whether a reasonable person would foresee that [their] statement would be interpreted by those to whom the maker communicates the statement as a serious

---

[15] Defendant did not identify the specific rule under which he sought to bring the Motion.
[16] *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014) (alteration omitted) (quoting *United States v. Boren*, 278 F.3d 911, 913 (9th Cir. 2002)).
[17] *Id.* (internal quotation marks omitted) (quoting *Boren*, 278 F.3d at 913).
[18] *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).
[19] *Watts v. United States*, 394 U.S. 705, 707 (1969) (per curiam).
[20] *United States v. Bachmeier*, 8 F.4th 1059, 1064 (9th Cir. 2021) (internal quotation marks omitted) (quoting *Virginia v. Black*, 538 U.S. 343, 359 (2003)).
[21] *See United States v. Keyser*, 704 F.3d 631, 638 (9th Cir. 2012); *United States v. Bagdasarian*, 652 F.3d 1113, 1118 (9th Cir. 2011).
[22] *Bagdasarian*, 652 F.3d at 1122 (citing *Black*, 538 U.S. at 359).

R&R re Motion to Dismiss
*United States v. Anastasiou*
3

expression of intent to harm or assault."[23] If it is "not clear" whether a statement is "protected expression or [a] true threat[ ]," it is generally "appropriate to submit the issue, in the first instance, to [a] jury."[24] It is rare for a case to be "so clear that [this issue] can be resolved as a matter of law."[25]

Defendant contends that the messages described in the Indictment do not satisfy either the subjective or objective prong of true threats. The Court first addresses Defendant's arguments with respect to the subjective element. Defendant suggests that (1) he was unaware of any threatening nature his messages might have had, and (2) he lacked specific intent to commit violence.[26] To support these points, Defendant relies exclusively on extrinsic evidence: namely, certain FBI reports and notes from the agency's investigation of Defendant. As the Court's review is limited to the facial sufficiency of the Indictment, however, the Court cannot consider that evidence in evaluating Defendant's challenge.[27] With that evidence cast aside, Defendant's arguments have no merit. The Indictment alleges (1) that Defendant intended to threaten harm and convey threats of harm toward the six justices and the two family members, (2) that Defendant intended for the six justices to learn of his numerous messages and their contents by transmitting the messages through the Supreme Court website's online portal, and (3) that each of those messages contained a threat to harm the justice(s) to whom the message was directed or their family member(s).[28] The Indictment further alleges that each threat was one of violence against the justice(s) or their family member(s). The specific allegations vary, but each count in the Indictment contains an allegation of a threat of murder.[29] The grave nature of these alleged threats is sufficient to establish that Defendant intended to threaten the justices and their family members.[30] Thus, the Indictment adequately pleads Defendant's subjective intent to threaten.

---

[23] *Keyser*, 704 F.3d at 638 (citation omitted).
[24] *United States v. Hanna*, 293 F.3d 1080, 1087 (9th Cir. 2002) (citation omitted).
[25] *United States v. Merrill*, 746 F.2d 458, 462 (9th Cir. 1984), *overruling on other grounds recognized by Hanna*, 293 F.3d at 1088 n.5.
[26] Docket 48 at 7–10.
[27] *See Lyle*, 742 F.3d at 436.
[28] Docket 2 at 2, ¶¶ 4–5.
[29] Counts 1, 8, 10, 12, 14, 16, 18, 20, 22 each allege a threat to assault, kidnap, and murder certain of the justices. The remaining counts allege a threat to murder certain of the justices through a more specific means. Docket 2 at 2–11, ¶¶ 6–71.
[30] *See Bachmeier*, 8 F.4th at 1065 ("[A] subjective intent to threaten is the required mental state [for conviction under 18 U.S.C. § 876(c)][.]").

R&R re Motion to Dismiss
*United States v. Anastasiou*
3:24-cr-00099-SLG-KFR
4
Case 3:24-cr-00099-SLG-KFR    Document 58    Filed 04/29/25    Page 4 of 7

The Court next turns to Defendant's arguments with respect to the objective prong. Defendant suggests that a reasonable person would not foresee that his messages would be interpreted by their intended recipients as a serious expression of intent to harm because the messages (1) "call on third parties or encourage others to enact harm," and (2) use "conditional language, hyperbolic imagery, and emotionally charged rhetoric."[31] Here, too, Defendant relies on evidence outside the four corners of the affidavit: this time, other parts of some of the messages he sent through the online portal. But again, the Court cannot consider that evidence at this stage of the proceeding. The Court finds that the Indictment's descriptions of Defendant's messages are sufficient to plead that those messages were objectively threatening.[32] This is not one of the rare cases where it is so apparent from the face of the Indictment that Defendant's messages were not true threats, such that the Court could decide that issue as a matter of law before trial.

Furthermore, even if the Court could consider the evidence that Defendant proffers, it would still conclude that a reasonable jury could find that Defendant's messages satisfied the objective prong of true threats. When analyzing the objective prong, it is important to consider the defendant's statements "in the[ir] entire factual context," which includes "the surrounding events, the reaction of the listeners, and whether the words are expressly conditional."[33] In this case, the full statements that Defendant made are certainly a part of this assessment, and Defendant may have a persuasive argument that some relevant factors weigh in his favor. But the Court cannot simply assume that the additional context Defendant has submitted represents the full picture, and, in any case, that added context does

---

[31] Docket 48 at 10.

[32] *See, e.g.*, Docket 2 at 3–10, ¶¶ 13 (threat to murder justice by "lynching"), 16 (threat to murder justice by "putting a bullet in his [ . . . ] head"), 19 (threat to murder two justices and their family members by sending "fellow veterans" to "spray their homes with bullets "hopefully killing" them), 25 (threat to murder six justices with a firearm), 28 (threat to assault, kidnap, and murder six justices), 31 (threat to murder two justices by torturing and executing them), 49 (threat to murder six justices by assassinating and beheading them), 55 (threat to murder six justices by varying means including drowning, firearms, strangulation, and "lynching"), 67 (threat to murder six justices by "lynch[ing]," hanging, and beheading them).

[33] *Hanna*, 293 F.3d at 1087 (internal quotation marks and citation omitted); *accord Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1077 (9th Cir. 2002) (en banc); *see also, e.g.*, *Watts*, 394 U.S. at 706–08 (holding that defendant war veteran's statement that threatened life of president was protected speech when it was said during political rally, was "expressly made conditional upon an event . . . which [defendant] vowed would never occur," and was followed by laughter from both defendant and crowd).

not clearly demonstrate that the messages were not objectively threatening. If it turns out after the government's presentation of evidence at trial that its evidence is insufficient to sustain a conviction, Defendant may then move for a judgment of acquittal.[34] At this point, however, the fact-intensive question of whether Defendant's constituted true threats or protected speech should be left for a jury.[35]

Therefore, the Court concludes that the Indictment is not defective on the ground that it fails to plead that Defendant's messages were true threats, rather than protected First Amendment speech. Whether Defendant's messages amounted to true threats is for a jury to decide. Thus, the Indictment should not be dismissed.

## IV. CONCLUSION

Based on the contents of the Indictment, the Court concludes that a reasonable jury could find that Defendant's messages constituted true threats and were therefore not protected under the First Amendment. Accordingly, the Court recommends that Defendant's Motion to Dismiss the Indictment Pursuant to the First Amendment at Docket 48 be **DENIED**.

DATED this 29th day of April, 2025, at Anchorage, Alaska.

/s/ Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

## NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[36] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings and

---

[34] *See* Fed. R. Crim. P. 29.
[35] *See Fogel v. Collins*, 531 F.3d 824, 829 (9th Cir. 2008) ("[W]hether political speech is protected political hyperbole or an unprotected true threat can be an issue for a jury, particularly in cases of criminal prosecution." (citing *Melugin v. Hames*, 38 F.3d 1478, 1485 (9th Cir. 1994))).
[36] 28 U.S.C. § 636(b)(1)(B).

R&R re Motion to Dismiss
*United States v. Anastasiou*
3:24-cr-00099-SLG-KFR
6
Case 3:24-cr-00099-SLG-KFR    Document 58    Filed 04/29/25    Page 6 of 7

recommendations.[37]

A party may file written objections to the magistrate judge's findings and recommendations within fourteen (14) days.[38] A response to the objections may be filed within seven (7) days after any objection is filed.[39] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[40]

---

[37] *Id.* § 636(b)(1)(C).
[38] *Id.*; L.M.J.R. 7(a)(1).
[39] L.M.J. R. 7(a)(2).
[40] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

R&R re Motion to Dismiss
*United States v. Anastasiou*

7