# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>PANOS ANASTASIOU,<br><br>            Defendant. | Case No. 3:24-cr-00099-SLG-KFR |

## ORDER ON REPORT AND RECOMMENDATION

Before the Court at Docket 48 is Defendant Panos Anastasiou's Motion to Dismiss the Indictment Pursuant to the First Amendment. The Government responded in opposition at Docket 49.

## BACKGROUND

On September 17, 2024, a grand jury charged Mr. Anastasiou with nine counts of Threats Against a Federal Judge, in violation of 18 U.S.C. § 115(a)(1)(B), and thirteen counts of Threats in Interstate Commerce, in violation of 18 U.S.C. § 875(c).[1] According to the indictment, between March 10, 2023, and July 16, 2024, Mr. Anastasiou transmitted 465 messages through a publicly accessible website

---

[1] Docket 2. After Mr. Anastasiou moved to dismiss the indictment, the Government filed a superseding indictment charging him with the same 22 counts alleged in the initial Indictment, plus one new count of Threats Against a Federal Judge based on threats Mr. Anastasiou allegedly made on August 29, 2024; one new count of Threats in Interstate Commerce based on threats Mr. Anastasiou allegedly made on August 29, 2024; and one new count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). Docket 55 at ¶¶ 72-79.

maintained by the U.S. Supreme Court. In the messages, the Government alleges that Mr. Anastasiou threatened to assault, kidnap, and murder certain U.S. Supreme Court Justices.[2]

Mr. Anastasiou moved to dismiss the indictment on First Amendment grounds and because, in his view, his messages did not contain true threats. The motion was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 58, Judge Reardon issued his Report and Recommendation. Judge Reardon recommended that the Court deny the motion. Judge Reardon concluded that "the Indictment is not defective on the ground that it fails to plead that Defendant's messages were true threats, rather than protected First Amendment speech" and "the fact-intensive question of whether Defendant's constituted true threats or protected speech should be left for a jury."[3]

Mr. Anastasiou filed objections to the Report and Recommendation at Docket 65, to which the Government replied at Docket 66. Mr. Anastasiou "objects to the elision of any discussion of the 'chilling effect' on pure speech argued in the original motion to dismiss" and "asserts that the question presented *is* one of law, and the Motion to Dismiss should be granted."[4] The Government responds that

---

[2] Docket 2 at ¶¶ 3-71.

[3] Docket 58 at 6 (citing *Fogel v. Collins*, 531 F.3d 824, 829 (9th Cir. 2008) ("[W]hether political speech is protected political hyperbole or an unprotected true threat can be an issue for a jury, particularly in cases of criminal prosecution.")).

[4] Docket 65 at 1 (emphasis in original).

Case No. 3:24-cr-00099-SLG-KFR, *United States v. Anastasiou*
Order on Report and Recommendation
Page 2 of 5
Case 3:24-cr-00099-SLG-KFR   Document 67   Filed 05/28/25   Page 2 of 5

"there is no requirement that the Court explicitly address" Mr. Anastasiou's argument that "[a]llowing this indictment to stand" will have a "chilling effect."[5] The Government further maintains that this is "not one of those unusual cases where there is one simple statement, in isolation, in which no reasonable person could believe was a threat" and therefore the question of whether Mr. Anastasiou's speech constituted true threats should be decided by the jury.[6]

## LEGAL STANDARD

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."[7] A court is to "make a de novo determination of those portions of the Magistrate Judge's report or specified proposed findings or recommendations to which objection is made."[8] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[9]

---

[5] Docket 66 at 1; Docket 48 at 13.

[6] Docket 66 at 2.

[7] 28 U.S.C. § 636(b)(1).

[8] *Id.*

[9] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Case No. 3:24-cr-00099-SLG-KFR, *United States v. Anastasiou*
Order on Report and Recommendation
Page 3 of 5
Case 3:24-cr-00099-SLG-KFR    Document 67    Filed 05/28/25    Page 3 of 5

## DISCUSSION

The Court has reviewed the Report and Recommendation. On *de novo* review, the Court agrees with Judge Reardon's conclusion that whether Mr. Anastasiou's statements were true threats—and therefore are prosecutable pursuant to 18 U.S.C. §§ 115, 875(c)—is a question of fact for the jury. In *United States v. Nukida*, the Ninth Circuit held that a district court erred when it dismissed counts in an indictment pursuant to the defendant's Rule 12(b) motion.[10] The defendant there had argued that the products that she allegedly tampered with did not affect interstate commerce, which was an element of the charged crime.[11] The Ninth Circuit concluded that her challenge to "the government's ability to prove that her actions affected commerce [in] her motion to dismiss amounted to a premature challenge to the sufficiency of the government's evidence tending to prove a material element of the offense."[12]

The same is true in this case. Mr. Anastasiou's claim that the statements he made were not true threats is a factual challenge to the indictment.[13] Further, whether any "chilling effect" of the indictment is unconstitutional will depend on whether Mr. Anastasiou's statements were true threats. True threats are not

---

[10] *United States v. Nukida*, 8 F.3d 665, 667 (9th Cir. 1993).

[11] *Id.* at 667, 669.

[12] *Id.* at 669-70.

[13] *Id.* at 669 ("[A] Rule 12(b) motion to dismiss is not the proper way to raise a factual defense." (internal quotation marks omitted)).

Case No. 3:24-cr-00099-SLG-KFR, *United States v. Anastasiou*
Order on Report and Recommendation
Page 4 of 5

Case 3:24-cr-00099-SLG-KFR    Document 67    Filed 05/28/25    Page 4 of 5

protected by the First Amendment.[14]  Therefore, if Mr. Anastasiou's statements are true threats, the indictment's "chilling" of true threats would not be unconstitutional.  As such, Mr. Anastasiou's objections lack merit.

Accordingly, the Court adopts the Report and Recommendation, and IT IS ORDERED that the Motion to Dismiss the Indictment Pursuant to the First Amendment is DENIED.

DATED this 28th day of May, 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[14] *United States v. Bachmeier*, 8 F.4th 1059, 1064 (9th Cir. 2021) ("[T]he First Amendment allows criminalizing threats only if the speaker intended to make 'true threats.'" (quoting *Virginia v. Black*, 538 U.S. 343, 359 (2003))).

Case No. 3:24-cr-00099-SLG-KFR, *United States v. Anastasiou*
Order on Report and Recommendation
Page 5 of 5
Case 3:24-cr-00099-SLG-KFR   Document 67   Filed 05/28/25   Page 5 of 5