MICHAEL J. HEYMAN
United States Attorney

ANDREA STEWARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: Andrea.Steward@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>PANOS ANASTASIOU,<br>Defendant. | No. 3:24-cr-00099-ACP |

**SENTENCING MEMORANDUM**

The United States recommends imposition of the following sentence:

**HOME CONFINEMENT.......................................................... 27 MONTHS**
**SUPERVISED RELEASE.......................................................... 3 YEARS**
**SPECIAL ASSESSMENT.......................................................... $200**
**RESTITUTION.......................................................... $0**
**FINE.......................................................... $0**

//

//

//

## INTRODUCTION

The United States of America, through the undersigned Attorney, submits this sentencing memorandum for the sentencing scheduled on August 28, 2026. The defendant, Panos Anastasiou, pled guilty to Count 20, Threats Against a Federal Judge, and Count 26, Felon in Possession of a Firearm. The Guideline Range is 27 to 33 months imprisonment. Doc. 106. There is a plea agreement in this case. Doc. 102. The United States recommends a below-guideline sentence of time served with 27 months home confinement as a condition of three years of supervised release. This recommendation for a variance to serve the remaining time as home confinement rather than in prison is based on the defendant's compliance on pretrial release and the defendant's age (77 years old) in combination with his declining mental and physical health. There are no outstanding objections to the Presentence Report. Doc.106, Addendum.

## FACTS

The defendant sent 511 threatening messages over an 18-month period to the portal for public comment of the United States Supreme Court. Doc. 106. The messages threatened six of the United States Supreme Court Justices with bodily harm. Doc. *Id*. The defendant used violent, racist, and homophobic language directed to the individual Justices to graphically describe how the Justices were to be harmed. Doc. 102, p. 7. The defendant expressed his desire that the Justices receive his messages and his desire that they be afraid to leave their homes and fear for their lives every day. Doc. 106, paras. 8-10; Doc. 102, p. 8.

//

The defendant was visited by the FBI after he sent the first 27 messages to interview the defendant about the messages. Doc. 106, para. 6. Following the interview, the defendant sent a message to the Supreme Court stating, "So you sent the FBI to my home to INTIMIDATE me. Sorry, I don't intimidate." *Id*. para. 10. The defendant then sent more than 400 messages to the Justices, escalating the violence in his threats over the next several months. *Id*. paras. 10-11. A search warrant was carried out at the defendant's home, and a firearm was seized since the defendant is a felon and prohibited from having a firearm.

The defendant is now 77 years old. Doc. 106. His mental and physical health are declining. Doc. 106. The defendant was evaluated for competency in this case, and a report was provided to the Court on February 17, 2026. Counsel for defendant has agreed that the parties may reference this report for purposes of sentencing. The defendant was assessed as in cognitive decline, commonly referred to as dementia, with likely continued deterioration. Evaluation p. 6. The defendant also has significant physical health issues including recent hospitalization for pneumonia, five back surgeries, a pacemaker last December, and complications from throat cancer. Doc. 106, paras. 5, 59.

## GUIDELINE CALCULATION

The defendant's adjusted offense level when grouped is 21. Doc. 106, paras. 18-23. With acceptance of responsibility, the total adjusted offense level is 18. Doc. 106, para 35-36. The defendant's criminal history spans from 1973 to 1991 and includes resisting arrest, reckless driving, and a federal felony case with convictions for: conspiracy to conduct financial transactions to promote cocaine distribution, tax evasion and false

statements. Doc. 106, paras. 40-42. Because of the age of these convictions there are no points assessed. *Id*. The defendant's guideline range is 27 to 33 months. The defendant served two days in prison at the time of his arrest.

**STATUTORY CRITERIA AND RECOMMENDED SENTENCE**

The probation officer recommends a sentence of time served with two years of supervised release and a condition of 12 months of home confinement. Similarly, the United States recommends a sentence of time served followed by supervised release and a condition of home confinement but recommends that the term be three years and the condition include 27 months of home confinement. This recommendation is consistent with the low-end of the guideline range and with the agreed upon recommendation. Doc. 102, p. 2. The court has discretion to make a variance from the guideline range based on the factors set out in 18 U.S.C. § 3553(a). United States Sentencing Commission Reason for Amendment 836 (Effective November 1, 2025, https://www.ussc.gov/guidelines/amendment/836). The below factors support a variance consistent with this recommendation. A term of supervised release may include a condition of home confinement as a substitute for imprisonment. U.S.S.G. § 5F1.2.

**1. Nature and circumstances of the offense**

The defendant sent a high volume of vulgar, violent, racist, and homophobic messages to six of the Justices, targeting them and their families for more than a year, and intending that the Justices would receive the messages and "fear for their lives everyday" as a result. Doc. 106, paras. 8-10. Following the defendant's first 27 messages, the FBI interviewed the defendant on June 27, 2023, at his home. In response to the interview, the

defendant sent another message to the Justices saying he was not intimidated by the FBI visit and then he sent more than 400 more messages that escalated in violent rhetoric.[1] Doc. 106, para. 10. For example, one of the 511 messages sent on June 18, 2024, stated: "you don't have enough protection to stop me from killing as many of you fuckers. I would stalk and haunt you like you were prey and would delight in riddling your body with copious rounds." The messages were critical of decisions by the Justices with which the defendant did not agree.

**2. History and characteristics of the defendant**

The defendant is 77 and in poor mental and physical health. The defendant was recently hospitalized for pneumonia, he has complications from throat cancer, several back surgeries and most recently a pacemaker. The defendant is in cognitive decline and exhibiting signs of dementia determined likely to worsen.

**3. The seriousness of the offense and just punishment**

The defendant carried out a targeted campaign over 18 months to threaten the Justices, as well as their families. He did so because of decisions made in their official capacity and intending that they live in fear.

**4. Adequate deterrence**

The defendant was not deterred by contact from the FBI. Instead, he said he was not 'intimidated' by the FBI and sent more than 400 additional messages with increasingly violent, homophobic, and racist threats. The defendant's arrest seems to have deterred him

[1] This defendant's message stating he was 'not intimidated' by the FBI interview is defiant and is not consistent with his statement at arrest that if he had been warned he would have stopped sending the messages. Doc. 106, para. 13.

from further threatening and harassing conduct as he has been compliant while on pretrial release. The defendant's conviction will also serve as a deterrent to others who would consider engaging in similar violent threats.

**5. Protection of the public from further crimes**

Since his arrest, the defendant has been compliant on release. Home confinement and supervision will ensure the public is protected from further crimes of the defendant.

**6. Avoidance of unwarranted disparities**

The variance recommended, to serve the low-end of the guideline range as home confinement, would appropriately account for the defendant's age and mental and physical decline.

**7. Sentencing recommendation**

The defendant's crimes are serious. The defendant was persistent, focused, and undeterred from threatening the Justices prior to his arrest (and in fact escalated) following a visit from the FBI. The defendant stated his purpose clearly; the defendant disagreed with the Justices' decisions, and he wanted the Justices to see his messages and live in fear every day. The defendant's threats extended to the families of the Justices. The defendant's more than 500 messages included threats to shoot, lynch, and burn the Justices. Doc. 106, para. 11.

Since the defendant's arrest he has been compliant on pretrial release and his mental and physical health have deteriorated. For these reasons, a sentence of time served with three years of supervised release, and a condition of 27 months home confinement is appropriate in this case.

## CONCLUSION

The United States' sentencing recommendation is sufficient but not greater than necessary to afford deterrence, protect the public from further crimes of the defendant, and ensure just punishment that reflects the seriousness of the crime, promote respect for the law, and provide a fair penalty.

RESPECTFULLY SUBMITTED August 21, 2026 at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

/s ANDREA STEWARD
ANDREA STEWARD
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s ANDREA STEWARD